UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE LEWINTER,

                              Plaintiff,                    **MEMORANDUM OPINION
                                                           AND ORDER**

        -against-

NEW YORK CITY DEPARTMENT OF              09 Civ. 0227 (PGG)
EDUCATION and SARA SCROGIN,

                              Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

              Plaintiff Jane Lewinter, a New York City school teacher, filed this action

on January 12, 2009, alleging that Defendants New York City Department of Education

("DOE") and Sara Scrogin – principal of the East Bronx Academy for the Future –

violated her rights under Section 102 of the Family Medical Leave Act, 29 U.S.C. §

2615.  (Docket No. 1)  The Complaint alleges that Defendants violated the notice

provisions of the FMLA, and that – after Plaintiff missed six weeks of work due to non-

elective surgery – Defendants retaliated against her for taking medical leave and created a

hostile work environment through a pattern of trumped-up, negative performance

evaluations.  In addition to her claims under the FMLA, Plaintiff seeks damages for

intentional infliction of emotional distress.

              On July 23, 2009, Plaintiff sent a letter to the Court requesting a

conference to discuss amending the Complaint.  On December 18, 2009, Plaintiff filed a

motion for leave to file an amended complaint adding a claim against both defendants for

disability discrimination under the New York City Human Rights Law § 8-102(16)(1)

("NYCHRL").  (Proposed Am. Cmplt ¶¶ 27-28)  Plaintiff also seeks permission to file a

late notice of claim under Education Law § 3813(2-a).  (Docket No. 13)  For the reasons stated below, Plaintiff's motion for leave to file an amended complaint will be granted in part and denied in part, and her request to file a late notice of claim will be denied.

## **BACKGROUND**

Plaintiff has been employed as a tenured teacher by the DOE for more than seven years.  (Cmplt. ¶ 7)  In February 2008, she underwent non-elective surgery which caused her to be absent from work between February 11, 2008 and March 24, 2008.  (Cmplt. ¶ 8)  Plaintiff alleges that Defendants failed to inform her that she qualified for leave under the FMLA, failed to post the required FMLA notices at her place of work, as mandated by 29 U.S.C. § 2619(a),[1] and failed to provide her with a manual setting forth her rights under the FMLA, as required by 29 C.F.R. §§ 825.20 and § 825.301(a)(2).  (Cmplt. ¶¶ 10-13)

After Plaintiff returned to work in March 2008, she experienced a variety of allegedly retaliatory acts.  A supervisor reviewed her classroom performance soon after her return, and Plaintiff's performance was found unsatisfactory for the first time in her teaching career.  (Cmplt. ¶¶ 14-15)  The Complaint further alleges that "[t]hereafter, and continuously, her personnel file was constantly lettered" and "[h]er end of year observation was unsatisfactory."  (Cmplt. ¶ 17)  Plaintiff claims that after her return from surgery "and until the present, the defendant Sara Scrogin has been continuously

_____

[1]  Section 2619(a) states:  "Each employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees and applicants for employment are customarily posted, a notice, to be prepared or approved by the Secretary, setting forth excerpts from, or summaries of, the pertinent provisions of this title [29 U.S.C. §§ 2611 et seq.] and information pertaining to the filing of a charge."

2

subjecting the Plaintiff to unwarranted discipline, criticism, threats, and humiliation in the presence of other staff members."  (Cmplt. ¶ 18)

## DISCUSSION

I.   **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

   A.   **Legal Standards**

   Under the Federal Rules of Civil Procedure, leave to amend should be "freely give[n] . . . [when] justice so requires."  Fed. R. Civ. P. 15(a)(2).  District courts "ha[ve] broad discretion to decide whether to grant leave to amend."  Joblove v. Barr Labs. Inc. (In re Tamoxifen Citrate Antitrust Litig.), 429 F.3d 370, 404 (2d Cir. 2005). Although leave to amend should be liberally granted, it may properly be denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2007) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  "[W]here the plaintiff is unable to demonstrate that [s]he would be able to amend [her] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999).

   B.   **Plaintiff's Proposed Disability Claim Against
         DOE is Barred by Her Failure to File a Notice of Claim**

   Defendant DOE argues that leave to amend should be denied as to DOE because amendment would be futile.  According to DOE, Plaintiff's disability discrimination claim is barred by her failure to file a notice of claim as required by

Education Law § 3813(1).  (Def. Br. 2)  It is undisputed that Plaintiff never filed a notice

of claim concerning the disability discrimination she now alleges.

Section 3813(1) of the Education Law provides:

> No action or special proceeding, for any cause whatever . . . shall be
> prosecuted or maintained against any school district, board of education,
> [or] board of cooperative education services . . . or any officer of a school
> district, board of education . . . unless it shall appear by and as an
> allegation in the complaint or necessary moving papers that a written
> verified claim upon which such action . . . is founded was presented to the
> governing body of said district . . . within three months after the accrual of
> such claim, and that the . . . body having the power to adjust or pay said
> claim has neglected or refused to make an adjustment or payment.

State notice of claim requirements and statutes of limitations are

substantive law that must be applied by federal courts in deciding pendent state and local

law claims.  See Felder v. Casey, 487 U.S. 131, 151 (1988); Promisel v. First American

Artificial Flowers, 943 F.2d 251 (2d Cir. 1991).  "If a state would not recognize a

plaintiff's right to bring a state claim in state court, a federal court exercising pendent

jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional

determination and not allow that claim to be appended to a federal law claim in federal

court."  Promisel, 943 F.2d at 257.

Here, New York law requires that a plaintiff plead and prove compliance

with Education Law § 3813's notice of claim and statute of limitations requirements in

any action against the DOE or its officers.  Amorosi v. South Colonie Ind. Central Sch.

Dist., 9 N.Y.3d 367 (2007); Stoetzel v. Wappingers Cent. School Dist., 166 A.D.2d 643

(2d Dep't 1990).  Moreover, it is settled law in this district that "employment

discrimination is included within the umbrella of § 3813."  Falchenberg v. New York

City Dep't of Educ., 375 F. Supp. 2d 344, 347 (S.D.N.Y. 2005).  As the court in Biggers

4

v. Brookhaven-Comsewogue Union Free School District, 127 F. Supp. 2d 452, 454-55 (S.D.N.Y. 2001), stated in holding that Section 3813 applied to a former school administrator's claim for sex discrimination under the New York State Human Rights Law:  "The New York Court of Appeals has interpreted the statute as follows:  'The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been presented to the governing body, and this court may not disregard its pronouncement.'"

Compliance with Section 3813(1) is a prerequisite for a suit naming a school district or its officers, and a plaintiff's failure to plead compliance with New York's notice of claim requirements mandates dismissal.  See PBS Building Systems, Inc. v. The City of New York, 1996 WL 583380, at *3 (S.D.N.Y. 1996) ("The appropriate remedy for failure by the plaintiff to comply with a statutory notice of claim requirement is dismissal of the action, even if the claim is meritorious.").  This rule is strictly applied, even if the results are harsh.  See Varsity Tr., Inc. v Bd. Of Educ. Of City of New York, 5 N.Y.3d 532, 536 (2005) ("We have repeatedly rejected, and now reject again, proposals to compromise the strict statutory notice of claim requirement, because to do so would lead to uncertainty and vexing disputes."); Parochial Bus Systems, Inc. v. Board of Education, 60 N.Y.2d 539, 548 (1983) ("Nor may a claimant be relieved of a positive statutory mandate simply because no prejudice has resulted, even to avoid a harsh result.").[2]

_____

[2]  "An exception does exist for actions that seek vindication of a public interest." Falchenberg, 375 F. Supp. 2d at 350 (citing Biggers,127 F. Supp. 2d 452; Kushner v.

Because Plaintiff filed no notice of claim concerning the disability discrimination claim she now wishes to lodge against DOE, adding such a claim would be futile.  Accordingly, her motion for leave to amend the Complaint to add this claim against DOE will be denied.

### C.   The Complaint in this Action May Not Serve as a Substitute Notice of Claim for Purposes of Plaintiff's Proposed Disability Discrimination Claim Against DOE

Lewinter argues that her failure to serve a notice of claim should be excused, because her complaint in this action serves as a notice of claim that fulfills the requirements of Section 3813.  (Pltf. Br. 4)

"[T]he purpose of section 3813 of the Education Law is to give a school district prompt notice of claims 'so that investigation may be made before it is too late for investigation to be efficient.'"  Matter of Board of Educ. [Wager Constr. Corp.], 37 N.Y.2d 283, 289 (1975) (quoting Board of Education v. Heckler Electric Co., 7 N.Y.2d 476, 483 (N.Y. 1960)).  "The essential elements to be in the notice are the nature of the claim, the time when, the place where and the manner in which the claim arose and, where an action in contract is involved, the monetary demand and some explanation of its computation."  Parochial Bus Systems, Inc. v. Board of Educ., 60 N.Y.2d 539, 547 (1983) (internal citations omitted).  Under certain circumstances, courts have demanded only "substantial compliance" with Section 3813 in considering "the degree of descriptive detail [required] in a notice of claim."  Id. (citing Baker v. Board of Educ.,

---

Valenti, 285 F. Supp. 2d 314 (E.D.N.Y. 2003)).  Here, however, Lewinter does not seek to vindicate the public interest, but instead only seeks damages for alleged unlawful discrimination directed against her.  (Cmplt. ¶ 1; Proposed Am. Cmplt. ¶ 1)

309 N.Y. 551, 557 (1956)).  Notice of the wrong alone is insufficient, however, without notice of the actual claims being made.  Id.

The Second Circuit has not ruled on the issue of whether a complaint can serve as a notice of claim under Section 3813, and district courts have disagreed on this issue.  Some courts "have permitted other forms of documents, not denominated as notice of claims, to satisfy the requirement 'if [they] provide[] the necessary information as to the nature of the claim.'"  Donlon v. Board of Educ., No. 06 Civ. 6027 (T), 2007 WL 108470, at *3 (W.D.N.Y. Jan. 12, 2007) (citing Mennella v. Uniondale Union Free Sch. Dist., 287 A.D.2d 636 (2d Dep't 2001) (petition to Commissioner of Education constituted notice of claim)); Bucalo v. East Hampton Union Free Sch. Dist., 351 F.Supp.2d 33 (E.D.N.Y.2005) (letter to superintendent of district and EEOC filings constituted notice of claim); Kushner v. Valenti, 285 F.Supp.2d 314 (E.D.N.Y .2003) (EEOC complaint may provide notice of claim)).  Other courts have stated in dicta that EEOC complaints do not satisfy notice of claim requirements under Section 3813(1).  See Santiago v. Newburgh Enlarged School Dist., 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006); Biggers, 127 F.Supp.2d at 456 (E.D.N.Y. 2001).

Assuming arguendo that the complaint filed in this action could serve as a notice of claim, it did not put the DOE on notice of Plaintiff's disability discrimination claim.  The elements of a disability discrimination claim under the NYCHRL are, in summary, that plaintiff "'suffers from a disability, [that she] was qualified to hold the position at issue, and [that she] suffered an adverse employment action or was terminated from employment under circumstances giving rise to an inference of discrimination.'" Vinokur v. Sovereign Bank, No. 07 Civ. 2893 (KAM)(MDG), 2010 WL 1223320, at

**12-13 (E.D.N.Y. Mar. 22, 2010) (quoting <u>Cuccia v. Martinez & Ritorto, PC</u>, 61 A.D.3d

609, 610 (1st Dep't 2009); <u>Engelman v. Girl Scouts-Indian Hills Council, Inc.</u>, 16 A.D.3d

961, 962 (3d Dep't 2005); <u>Tebbenhoff</u>, 2005 U.S. Dist. LEXIS 29874, at *13-14).

   Plaintiff's Complaint does not suggest that she suffered from, or was

perceived to suffer from, a disability when she returned to work in March 2008, much

less that she was discriminated against because of her disability.  Accordingly, the

Complaint does not satisfy the requirements of Section 3813(1) and Plaintiff's citation to

<u>Donlon v. Board of Educ.</u> is unavailing.

   In <u>Donlon</u>, the court found that an EEOC complaint satisfied the

requirements of Section 3813(1) where "facts set forth in the EEOC charge contained a

sufficient degree of descriptive detail to place the District on notice of plaintiff's age

discrimination and retaliation claims, which are practically the same for purposes of both

ADEA and [the New York State] Human Rights Law."  <u>Donlon</u>, 2007 WL 108470, at *3.

Critical to the court's ruling, however, was its finding that the EEOC complaint alleged

the <u>same type of discrimination</u> at issue in the later filed court case – age discrimination

and retaliation.

   Here, Lewinter's Complaint makes no mention of her alleged disabled

status, nor does it suggest that she was perceived as disabled or that she was treated

differently because she was disabled.  The only inference which may be fairly drawn

from Lewinter's Complaint is that she was treated differently after she returned to work

following her medical leave.  The Complaint thus fails to set forth the "essential elements

[required] to be in the notice" – including the nature of the claim and time, place and

manner in which the claim arose – and cannot satisfy Section 3813's notice of claim requirements.  See Parochial Bus Systems, Inc., 60 N.Y.2d at 547.

Because Plaintiff failed to file a timely notice of claim concerning her disability discrimination claim, that claim is barred, and any amendment to the Complaint adding that claim would be futile.

## II.     THE STATUTE OF LIMITATIONS BARS CLAIMS ARISING FROM CONDUCT THAT OCCURRED BEFORE JULY 23, 2008

Lewinter seeks to amend the Complaint to add a disability discrimination claim involving conduct that occurred prior to July 23, 2008, one year before she requested leave to amend.  She argues that the Court may grant her leave to file a late notice of claim, making a claim premised on such conduct timely even though the conduct falls outside the one-year statute of limitations.  As explained below, the Court has no discretion to grant her such leave.

While "[p]ursuant to Education Law § 3813 (2-a), a court may in its discretion extend the time in which to serve a notice of claim, [] the extension of time 'shall not exceed the time limited for the commencement of an action by the [plaintiff] against any' school district.'"  Lenz Hardware, Inc. v. Board of Educ. of Van Hornesville-Owen D. Young Cent. Sch. Dist., 2005 N.Y. Slip Op 9932, *2 (4th Dep't 2005) (citing Pierson v. City of New York, 56 N.Y.2d 950, 955 (1982); First Bible Baptist Church v Gates-Chili Cent. School Dist., 172 A.D.2d 1057 (1991)).  Section 3813(2-b) provides that the statute of limitations for any suit against the DOE or its officers is one year from the date of the claim's accrual.  See Amorosi, 9 N.Y.3d at 369. Plaintiff's cause of action accrued when "it mature[d] and damages become ascertainable."  See Pope v. Hempstead Union Free Sch. Dist., 194 A.D.2d 654, 655 (2d

Dep't 1993) (citing Board of Educ. v. Wagner Constr. Corp., 37 N.Y.2d 283, 290 (1975))."

Plaintiff first requested leave to amend her complaint by letter on July 23, 2009.  Accordingly – even if leave to amend were granted – only claims that accrued after July 23, 2008 would be actionable against DOE and its officers.  See Hall v. City of New York, 1 A.D.3d 254, 256 (1st Dep't 2003) ("In Armstrong v New York Convention Ctr. Operating Corp. (203 A.D.2d 170, 610 N.Y.S.2d 267 [1994]) . . . this Court upheld the denial of plaintiff's application 'for leave to serve a late notice of claim nunc pro tunc,' made after the statute of limitations had expired.  We specifically held that '[t]he court lacked the discretion to excuse plaintiffs' late service of their notice of claim since their motion for such relief was not made until after the . . . Statute of Limitations had run, and it makes no difference that plaintiffs, without court leave, had served the notice of claim within the limitations period.'").

Lewinter attempts to avoid the consequences of her failure to serve a notice of claim and Section 3813(2-b)'s one-year statute of limitations by arguing that her proposed amendments involve claims for a continuing violation in the form of a hostile work environment based on her disability and, accordingly, that a timely notice of claim may still be filed with an extension granted by the Court.  (Pltf. Br. at 9-12)  Neither the original nor the proposed amended complaint, however, suggests that Lewinter has a meritorious continuing violation hostile work environment claim related to disability discrimination.

In Nat'l RR Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002), the Supreme Court stated that the continuing violation doctrine generally does not apply to

"discrete acts of discrimination or retaliation that occur outside the statutory time period."
In the context of hostile work environment claims, however, the Court held that
"consideration of the entire scope of a hostile work environment claim, including
behavior alleged outside the statutory period, is permissible for the purpose[] of assessing
liability, so long as an act contributing to that hostile work environment takes place
within the statutory time period." Id. at 120-21.

   Here, however, the only mention of a hostile work environment is made in
connection with Plaintiff's retaliation claim under the FMLA.  (Proposed Am. Cmplt. ¶
26)  Proposed Count III for "Disability Discrimination under City Law" does not refer to
a hostile work environment.  Because the proposed Amended Complaint does not state a
claim for hostile work environment related to disability discrimination, the continuing
violation doctrine does not make Plaintiff's proposed disability claim timely.
Accordingly, this Court cannot grant her request to file a late notice of claim for
discriminatory acts committed before July 23, 2008.

## III. MOTION FOR LEAVE TO FILE A LATE NOTICE OF CLAIM

   In the alternative, Plaintiff asks this Court to grant her leave to file a late
notice of claim.  As discussed above, this Court has no authority to grant such leave for
claims that accrued prior to July 23, 2008.  As for acts of disability discrimination alleged
in the proposed Amended Complaint to have taken place after July 23, 2008, the Court
declines to grant Plaintiff leave to file a late notice of claim.

   In considering whether to grant leave to file a late notice of claim, the
Court

   shall consider, in particular, whether the district or school or its attorney or
   its insurance carrier or other agent acquired actual knowledge of the
   essential facts constituting the claim within the time specified in

subdivision one of this section or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including:  whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the district or school or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the district or school against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the district or school in maintaining its defense on the merits.

Educ. Law § 3813(2)(a).  See also Donlon, 2007 WL 108470, at *6.

No single factor is dispositive, but courts hold that "[k]nowledge of the facts constituting the claim is the factor that 'should be accorded great weight.'"  Riordan v. East Rochester Sch., 291 A.D.2d 922, 923 (4th Dep't 2002) (quoting Kalenda v. Buffalo Mun. Hous. Auth., 203 A.D.2d 937 (4th Dep't1994)).  Here, plaintiff has failed to meet her "burden of demonstrating that [defendants] had actual timely knowledge of the incident."  See Matter of Cuda v. Rotterdam-Mohonasen Cent. Sch. Dist., 285 A.D.2d 806 (3d Dep't 2001).  As discussed above, Plaintiff's original complaint alleges only claims under the FMLA and for intentional infliction of emotional distress.  There is no mention of a discrimination claim under the NYCHRL or any other statutory provision. Nor does Plaintiff allege that she is in any way disabled, or that she was ever perceived as disabled.  Indeed, there is no evidence that Plaintiff communicated to Defendants in any manner that she believed herself to be disabled, that she was perceived as disabled, or that she was the victim of disability discrimination.  Accordingly, Defendants had no notice of any claims related to Plaintiff's alleged disability.

Plaintiff also fails to demonstrate that any reasonable excuse exists for her failure to file a timely notice of claim.  Plaintiff's explanation for failing to file a notice of

12

claim is that when she "began the instant suit the focal point was her extreme treatment after returning from a serious illness covered by the FMLA and the failure of the Department of Education to provide notice as to the extent of her entitlement under the law as well as the options that were available to her. . . . Counsel was slow to realize that the same nucleus of common facts also gave rise to violations under disability provisions of the New York City Discrimination Laws."  (Pltf. Br. at 12)  This is not a credible excuse.  Plaintiff returned to work on March 24, 2008.  Plaintiff would have been aware of any disability or perceived disability long before filing the original complaint on January 12, 2009.  She did not assert a disability discrimination claim at that time, however, nor think to do so for well over a year after her return to work, despite her present assertion that she was the victim of unlawful discrimination.  Moreover, counsel has not suggested any error or mistake that credibly explains the delay in asserting this claim.  See Riordan, 291 A.D.2d at 923 (citing Matter of Goldberg v. County of Suffolk, 227 A.D.2d 482, 483 (2d Dep't 1996)).

With respect to "substantial prejudice," to date Defendants' "defense of this action has centered on whether defendants violated any notice provision of the FMLA."  (Def. Br. at 16)  The need to conduct additional discovery does not itself constitute a substantial prejudice, however.  Substantial prejudice from the late filing of a notice of claim is generally found where there is a risk that evidence has been lost as a result of Plaintiff's delay.  Lefkowitz v. City of New York, 272 A.D.2d 56 (1st Dep't 2000) (citing Turkenitz v City of New York, 213 A.D.2d 266 (1st Dep't 1995); Matter of Adlowitz v City of New York, 205 A.D.2d 369 (1st Dep't 1994); Rios v City of New York, 180 A.D.2d 801, 802 (2d Dep't 1992)).  Investigating Plaintiff's medical condition

13

at this stage may impose a discovery burden, but there has been no showing that such discovery would be prohibitively difficult or that the passage of time has prejudiced any defense to a disability discrimination claim.

After considering all of the relevant factors set forth in Section 3813(2)(a), this Court concludes that granting leave to file a late notice of claim would not be appropriate.  Defendants did not have "actual knowledge" of a disability claim, no error or mistake explaining the delay has been offered, and no other credible explanation for the delay has been provided.

As of July 23, 2009 – when Plaintiff sent a letter to this Court seeking leave to amend – Plaintiff could have filed a timely notice of claim only as to acts of disability discrimination occurring within the previous ninety days – that is, after April 23, 2009.  Although Plaintiff was free to serve a notice of claim on Defendants for disability discrimination related to her June 2009 performance review, she did not do so.  Although the 90-day period has long since elapsed, this Court will allow Plaintiff 30 days from the date of this order to serve such notice given that the case was involved in pre-motion and motion practice beginning on July 23, 2009.

To the extent any of the new factual allegations in the proposed Amended Complaint relate to Plaintiff's original FMLA and intentional infliction of emotional distress claims, amendment is not required.  These facts may be offered to support the existing allegations of continuous discipline and criticism described in paragraphs seventeen and eighteen of the original complaint.

14

## IV.  LEAVE TO AMEND AS TO DEFENDANT
## SCROGIN WILL BE GRANTED

Defendant Scrogin is not an "officer" within the scope of Section 3813(1).[3]  Accordingly, Plaintiff's non-tort claims against her are not subject to the notice of claim requirements of Section 3813(1) or to the one-year statute of limitations for claims against the Department of Education.  See Donlon, at *3 n.1 ("Section 3813 requires that a notice of claim be 'presented to the governing body of the school district . . . .' Therefore, there is no requirement that notices of claim be served upon individual defendants as a condition precedent to bringing a Human Rights Law action.")  Lewinter's proposed disability discrimination claim against Defendant Scrogin is subject to the three-year statute of limitations that governs employment discrimination actions not covered by Section 3813.  C.P.L.R. § 214(2); Baroor v. New York City Dep't of Educ., No. 06 Civ. 3965 (NG), 2009 WL 959537 (E.D.N.Y. Apr. 3, 2009).  Plaintiff may amend her complaint to add a claim of disability discrimination against Defendant Scrogin with respect to conduct that took place after July 23, 2006.

─────────────────────

[3]  Richards v. Calvet, No. 99 Civ. 12172 (RJH)(MHD), 2005 WL 743251, at *13 (S.D.N.Y. Mar. 31, 2005) (holding that § 3813(1) does not apply to claims against school principals because principals are not "officers" within the meaning of the statute); Williams v. City of New York, No. 99 Civ. 2697 (ARR)(LB), 2006 WL 2668211, at *25 (E.D.N.Y. Sept. 11, 2006) ("[T]he statute of limitations established by § 3813 does not similarly require the dismissal of plaintiff's claims against defendant [principal] as he is not a school, district, board of education [. . .] or any officer thereof.").

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to amend her complaint to add a claim for disability discrimination against Defendant Scrogin for conduct that took place after July 23, 2006, is GRANTED. Plaintiff's motion for leave to amend is otherwise DENIED. Plaintiff's request for leave to file a late notice of claim is also DENIED, except as to the June 2009 performance review. The Clerk of the Court is directed to terminate this motion. (Docket No. 13)

Dated: New York, New York          SO ORDERED.
      July 9, 2010

Paul G. Gardephe
United States District Judge

16